Esther C. Rodriguez, Esq.
Nevada Bar No. 6473
Rodriguez Law Offices, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(P) 702-320-8400
(F) 702-320-8401
esther@rodriguezlaw.com

Local Counsel for Plaintiff and the Putative Class

Don J. Foty
Texas Bar No. 24050022
(*pro hac vice motion forthcoming*)
HODGES & FOTY, LLP
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile: 713-523-1116
dfoty@hftrialfirm.com

Hans A. Nilges
Ohio Bar No. 0076017
(*pro hac vice motion forthcoming*)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Anthony J. Lazzaro
Ohio Bar No. 0077962
(*pro hac vice motion forthcoming*)
Alanna Klein Fischer
Ohio Bar No. 0090986
(*pro hac vice motion forthcoming*)
Lori M. Griffin
Ohio Bar No. 0085241
(*pro hac vice motion forthcoming*)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
alanna@lazzarolawfirm.com
lori@lazzarolawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| **MICHAEL FALLINE, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**V.**<br><br>**CORECIVIC OF TENNESSEE, LLC,**<br><br>**Defendant.** | **CASE NO:** _____<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND** |

## SUMMARY

1. This case challenges Defendant CoreCivic of Tennessee, LLC's ("Defendant") long standing policy of failing to properly compensate its non-exempt correctional and detention officers for all hours that they work. Specifically, Defendant required Plaintiff Michael Falline ("Plaintiff") and the proposed Class Members to undergo security screenings without pay in violation of Nevada law.

2. Plaintiff worked for Defendant in Nevada and brings his claims under Nevada law, *see* N.R.S. §§ 608.140, 608.018(1),(2), 608.140, and 608.020-.050 as a Rule 23 Class Action to remedy the illegal pay practice and policy of failing to pay Plaintiff and the Class Members for all hours that they worked.

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has original jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act found in 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and some of the class members are citizens of a state different than that of Defendant.

4. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privileges of conducting activities in the state of Nevada and established minimum contacts sufficient to confer jurisdiction. Defendant does business in Nevada, advertises in Nevada, employs workers in Nevada, and the violations of the law forming the basis of this lawsuit occurred in Nevada. Therefore, the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Defendant also had and continues to have continuous and systematic contacts with the State of Nevada sufficient to establish general jurisdiction over it.

5. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise the claims in this Complaint took place in this district.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Michael Falline is an individual residing in Pahrump, Nevada. Plaintiff worked for Defendant as a correctional officer during the class period at Defendant's Pahrump, Nevada location (Nye County).

7. The Class Members are all current and former correctional officers and detention officers, and all employees in substantially similar positions, paid on an hourly rate basis and who worked in Nevada for Defendant during at least one week during the three year period before the filing of this Complaint to the present.

8. Defendant CoreCivic of Tennessee, LLC is a foreign limited liability company organized under the laws of Tennessee. Defendant can be served with process by serving its registered agent C T Corporation System, 701 S Carson St, Ste 200, Carson City, Nevada 89701.

9. At all material times, Plaintiff was an employee of Defendant within the meaning of N.R.S. § 608.010.

## FACTS

10. Defendant is a company that provides private prison services across the U.S. Defendant operates in Nevada and has employed thousands of correctional officers and detention officers.

11. Plaintiff worked as an hourly, non-exempt, correctional officer for Defendant from approximately September 2019 until April 2021.

12. The primary job duty of the correctional officers and detention officers, including Plaintiff, was to manage and oversee the inmate population at the prison centers. The correctional and detention officers, including Plaintiff, were responsible for the custody and discipline of inmates and detainees held at correctional and detention centers operated by Defendant. Among other duties, the correctional and detention officers searched for contraband and provided security, count, feed, and supervised detainees and inmates.

13. Given the nature of the business, Defendant's facilities are secured by locked doors and metal detectors.

14. When the correctional and detention officers, including Plaintiff, arrived at the prison centers, they were required to undergo a security screening.

15. During the security screening, the correctional and detention officers, including Plaintiff, emptied their pockets, emptied their bags, removed their shoes, removed their belts, removed their jackets, removed all metal objects, and submitted any personal items in their possession for inspection.

16. They then walked through a metal detector and underwent a further search if any metal objects were detected. After clearing the metal detector, the correctional and detention officers were able to gather their belongings.

17. The correctional and detention officers then put on their shoes, belts, and jackets.

18. After clearing the metal detector, the correctional and detention officers then had to pass through several security doors. This activity occurred prior to the correctional and detention officers, including Plaintiff, "clocking in" for time recording purposes.

19. This security screening time lasted approximately 10-20 minutes per day and went uncompensated by Defendant.

20. However, this time should have been compensated by Defendant.

21. The security screenings were required by Defendant and Plaintiff and the Class Members were told in advance the time they were required to be at the prison centers.

22. The security screenings were also necessary to the principal work performed by the officers – to provide security in the prisons and to search for contraband. The security screenings were also undertaken on Defendant's premises, were controlled and required by Defendant, and undertaken primarily for the benefit of Defendant and Defendant's business.

23. Indeed, Defendant required the correctional and detention officers to undergo this screening for the purposes of overall safety in the prison and to prevent the officers from inadvertently or intentionally bringing contraband into the prison centers.

24. These security screenings prevented weapons and other contraband from entering the prison, and in doing so, was necessarily tied to the correctional and detention officers' work of providing security and searching for contraband. Thus, the security screening and the work of the

correctional and detention officers shared the same purpose. In fact, the screening time was tied to the productive work of supervising and providing security by the officers.

25. Defendant could not have eliminated the screenings altogether without impairing the officers' ability to complete their work. If Defendant forego the security screening, officers could inadvertently or intentionally bring weapons or other contraband into the prison. The introduction of weapons and other contraband into the prison would most certainly result in a less secure prison and would impair the officers' ability to provide security, supervise the inmates/detainees, and search for contraband.

26. Additionally, preventing weapons and other contraband from entering the prison was an essential element of the officers' job duties with the ultimate purpose to maintain a secure prison environment.

27. Plaintiff and the Class Members were non-exempt employees.

28. Plaintiff and the Class Members were paid on an hourly rate basis.

29. When they worked more than 8 hours in a day or forty hours in a workweek, they were entitled to overtime pay.

30. Although Defendant employed electronic "clocking in" technology, this technology was not made accessible to Plaintiff and the Class Members before the security screening.

31. Due to the substantial pre-shift work, Plaintiff and the Class Members were not paid for all time worked each day and are owed significant unpaid wages.

32. Defendant's method of paying Plaintiff and the Class Members in violation of Nevada law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Defendant knew the requirement to pay for all time worked, but intentionally and/or recklessly chose not to do so.

# COUNT I

Failure to Pay Overtime Wages

Violation of NRS § 608.140 & § 608.018

(Class Action)

33. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

34. NRS § 608.140 provides that an employee has a private right of action for unpaid wages.

35. NRS § 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

36. NRS § 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

37. By failing to compensate Plaintiff and Nevada Class Members overtime wages when they worked more than 40 hours in a week or more than 8 hours in a day, Defendant has violated Nevada law.

38. Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations for failure to pay overtime rates of pay pursuant to NRS § 608.140 and § 608.018 and, therefore, the three-year statute contained in NRS § 11.190(3) for statutory violations applies.

## COUNT II

Failure to Timely Pay All Wages Due and Owing Upon Termination

Violation of NRS § 608.140 & § 608.020-.050

(Class Action)

39. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

40. NRS § 608.140 provides that an employee has a private right of action for unpaid wages.

41. NRS § 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

42. NRS § 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

43. NRS § 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

44. By failing to pay Plaintiff and the Nevada Class Members their overtime wages in violation of state and federal law, Defendant has failed to timely remit all wages due and owing to Plaintiff and the Nevada Class Members.

45. Despite demand, Defendant willfully refuses and continues to refuse to pay Plaintiff and the Nevada Class Members all wages due and owing to them.

46. Plaintiff demands thirty (30) days wages under NRS § 608.140 and § 608.040, and an additional thirty (30) days wages under NRS § 608.140 and § 608.050, along with attorneys' fees, costs, and interest as provided by law.

**RULE 23 CLASS ACTION ALLEGATIONS**

47. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

48. Plaintiff brings his claims as a Rule 23 class action on behalf of the following class:

> All current and former correctional officers and detention officers, and all employees in substantially similar positions, paid on an hourly rate basis and who worked in Nevada for Defendant during at least one week during the three year period before the filing of this Complaint to the present.

49. Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes there are more than 40 individuals that fit into the class.

50. The members of the class are so numerous that their individual joinder is impractical.

51. The identity of the members of the class is readily discernible from Defendant's records.

52. Plaintiff and the proposed class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

53. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a. Whether Plaintiff and the Class Members performed compensable work without pay;
   b. Whether security screening time is compensable under Nevada law;
   c. Whether Plaintiff and the Class Members worked hours in excess of forty hours per work week; and

        d.    Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate under Nevada law.

54.    These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

55.    Plaintiff's claims are typical of the claims of the classes because Plaintiff was not paid wages in accordance with Nevada law just as it did with other Nevada Class Members.

56.    Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

57.    The class action under Nevada state law is superior to other available means for the fair and efficient adjudication of the state law claims of Plaintiff and the Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the classes individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## JURY DEMAND

58.    Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

59.    For these reasons, Plaintiff prays for:

      a. An order certifying this case as a class action under Rule 23 for the Nevada law claims;

      b. A judgment against Defendant awarding Plaintiff and the Class Members all their unpaid wages, overtime compensation, and liquidated damages;

      c. An order awarding attorneys' fees, costs, and expenses;

      d. Pre- and post-judgment interest at the highest applicable rates; and

      e. Such other and further relief as may be necessary and appropriate.

Dated September 29, 2021.

                                                  RESPECTFULLY SUBMITTED BY

                                                  By: /s/ *Esther C. Rodriguez*
Esther C. Rodriguez, Esq.
Nevada Bar No. 6473
Rodriguez Law Offices, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(P) 702-320-8400
(F) 702-320-8401
esther@rodriguezlaw.com

And

Don J. Foty
Texas Bar No. 24050022
(*pro hac vice motion forthcoming*)
HODGES & FOTY, LLP
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile: 713-523-1116
dfoty@hftrialfirm.com

And

Hans A. Nilges
Ohio Bar No. 0076017)
NILGES DRAHER LLC
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:	(330) 470-4428
Facsimile:	(330) 754-1430
Email:	hans@ohlaborlaw.com

And

Anthony J. Lazzaro
Ohio Bar No. 0077962
Alanna Klein Fischer
Ohio Bar No. 0090986
Lori M. Griffin
Ohio Bar No. 0085241
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
alanna@lazzarolawfirm.com
lori@lazzarolawfirm.com

Attorneys for Plaintiff and the Putative Class